IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SCHNERINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-1191-DWD |
| ) | |
| CITY OF WOOD RIVER, ) | |
| JOHN HOEFFERT, and ) | |
| C. THOMAS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This case stems from an October 9, 2018, traffic stop, during which Plaintiff Michael Schneringer was tasered and arrested. According to public records, in connection with this traffic stop, Mr. Schneringer received a traffic citation for failure to use a turn signal (Madison County Case No. 2018-tr-16032) and was charged with resisting a police officer in violation of 720 ILCS 5/31-1 (Madison County Case No. 2018-cm-1862). Both cases remain pending and are set for trial on July 14, 2022.

In the instant case, Mr. Schneringer brings claims against John Hoefert and C. Thomas, the Wood River Police Department officers involved in the traffic stop, for excessive force and false arrest. He also brings a *Monell* claim against the City of Wood River. Presently before the Court is Defendants' Motion to Stay the case pending resolution of Mr. Schneringer underlying state court proceedings. Mr. Schneringer has not responded to Defendants' Motion to Stay. For the reasons set forth below, the motion

1

is **GRANTED**.

## DISCUSSION

Defendants request that this lawsuit be stayed until the charges pending against Mr. Schneringer are resolved in state court. Specifically, Defendants argue this lawsuit should be stayed under the abstention doctrine pronounced in *Younger v. Harris,* 401 U.S. 37 (1971). *Younger* abstention requires federal courts to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana,* 502 F.3d 590, 595 (7th Cir. 2007). Although "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States," *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 368 (1989), state criminal proceedings indisputably qualify as "exceptional circumstances" warranting *Younger* abstention, *see Spring Commc'ns, Inc. v. Jacobs,* 571 U.S. 69 (2103). The *Younger* doctrine traditionally involves claims for injunctive relief, but the Seventh Circuit has held that it applies even where the plaintiff seeks only monetary damages. *See Gakuba v. O'Brien,* 711 F.3d 751, 753 (7th Cir. 2013); *Simpson v. Rowan,* 73 F.3d 134, 137–39 (7th Cir. 1995). That said, a court should not abstain under *Younger* where "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) there is an extraordinarily pressing need for immediate equitable relief; or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Jacobson v. Vill. of Northbrook Mun. Corp.,* 824 F.2d 567, 569–70 (7th Cir. 1987) (citations and internal quotation marks omitted).

In the instant case, Mr. Schneringer is charged with resisting an officer in violation

of 720 ILCS 5/31-1. Whether Mr. Schneringer resisted arrest is one of the factors to be considered in his excessive force claim. *See Graham v. Connor,* 490 U.S. 386, 396 (1989) (in the context of an excessive force claim, the Fourth Amendment's "proper application requires careful attention to the facts and circumstances of each particular case, including…whether [the suspect] is actively resisting arrest or attempting to evade arrest."). Furthermore, Illinois law recognizes that a criminal defendant may defeat a charge of resisting a police officer where the accused invokes the right of self-defense, and the evidence shows that the police officer used excessive force. *See People v. Williams,* 640 N.E.2d 981, 985 (2d Dist. 1994). Accordingly, the question of whether Mr. Schneringer is guilty of resisting a peace officer is intertwined with the question of whether he was the victim of excessive force, and *Younger* abstention is appropriate as to this claim (Count I).

Abstention is also warranted as to Mr. Schneringer's claim for false arrest (Count III). In order for Mr. Schneringer to prevail on his § 1983 claim for false arrest, he must show that the police arrested him without probable cause. *Kelley v. Myler,* 149 F.3d 641, 646 (7th Cir. 1998) ("An essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause."). Whether Defendants had probable cause to arrest Mr. Schneringer depends on issues that will necessarily overlap with issues the state must prove in Mr. Schneringer's underlying state court proceedings. Accordingly, the Court will abstain from considering Mr. Schneringer's false arrest claim on *Younger* grounds.

Finally, abstention is appropriate as to Mr. Schneringer's *Monell* claim against the City of Wood River. In *Monell,* the Supreme Court established that a municipality can be

held liable for the acts of its employees; however, that liability is not akin to *respondeat superior*. 436 U.S. at 691-95. Generally, "a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010); *see also Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015) ("If the plaintiff fails to prove a violation of his constitutional rights in his claim against the individual defendants, there will be no viable *Monell* claim based on the same allegations."); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) ("[I]f no constitutional violation occurred in the first place, a *Monell* claim cannot be supported.").[1] Thus, the first step in assessing Mr. Schneringer's *Monell* claim will be determining whether he suffered a constitutional violation. This will require the Court to consider and rule on the merits of Mr. Schneringer's excessive force and false arrest claims, which the Court has already found to be premature under *Younger*. Accordingly, Mr. Schneringer's *Monell* claim against the City of Wood River must also be stayed pending the resolution of his state court proceedings.

## Conclusion

In light of Mr. Schneringer's ongoing state court proceedings, and consistent with the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), this Court must refrain from addressing Mr. Schneringer's claims in the instant case. Accordingly, this case is **STAYED** pending the outcome of the jury trial now scheduled to commence on

---

[1] There is an exception to this general rule, see *Thomas v. Cook Cnty. Sheriff's Dep't,* 604 F.3d 293, 305 (7th Cir. 2010), but that exception is not applicable in this case.

July 14, 2022 in Mr. Schneringer's underlying state court proceedings. The parties are **ORDERED** to file a status report on or before **August 1, 2022**, advising the Court of the status of proceedings in the state trial court.

    **SO ORDERED.**

    Dated: July 8, 2022

                                          DAVID W. DUGAN
                                          United States District Judge